UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| POSITIVE SOFTWARE SOLUTIONS, INC. and EDWARD MANDEL,<br><br>    Plaintiffs,<br><br>VS.<br><br>SUSMAN GODFREY L.L.P., OPHELIA CAMIÑA, and BARRY C. BARNETT<br><br>    Defendants. | § § § § § § § § § § § § § § § | C.A. NO. 3:07-CV-1422-O |

**REPLY IN SUPPORT OF
SECOND MOTION TO DISMISS**

  The Susman Godfrey Defendants reply to Plaintiffs' response to our Second Motion to Dismiss.

  1. <u>Plaintiffs Had Their Remedy</u>.

  Plaintiffs begin with the axiom "equity will not suffer a wrong to be without a remedy," as if granting the motion to dismiss would deprive them of one. Response at 1. We can understand Plaintiffs' disappointment with the remedy they have already obtained, but they have it nonetheless.

431938

As Defendants have said, Plaintiffs' remedy was sanctions. If a party has been harmed by wrongful litigation conduct by opposing counsel, Texas law makes the sanctions remedy exclusive.

Seeking virtually all of the same damages claimed in this case, Plaintiffs aggressively pursued sanctions against Defendants. Their claims – these claims – have been heard in full. Judge Godbey rejected most of these claims and found minimal harm. That Plaintiffs find Judge Godbey's sanction of $10,000 inadequate does not make it inequitable. It means Plaintiffs did not prove a right to more.

2.   Calling Conduct Fraud Does Not Avoid *Taco Bell*

Plaintiffs struggle in vain to escape the rule that bars suits against lawyers by opposing parties. *Taco Bell Corp. v. Cracken*, 939 F.Supp. 528 (N.D. Tex. 1996). They say there are really two lines of Texas cases, one involving fraudulent or illegal conduct, and the other they characterize as the "non-fraud *Taco Bell* line of cases." Response at 4. But the cases cannot be divided by the causes of action chosen by the plaintiffs. In *Taco Bell*, for example, the plaintiff alleged that opposing counsel lied about venue facts, as plain a fraud as can be.

*Taco Bell* (and numerous other cases) makes it clear that characterizing a trial lawyer's conduct as fraudulent or frivolous does not make it actionable. What matters is the type of conduct – whether it occurred in the course of

representing a client in litigation. If it did, it is not actionable; the remedy lies in a sanction, not in a suit.

A plaintiff "cannot salvage an otherwise untenable claim merely by characterizing it as tortious." *Miller v. Stonehenge/FASA-Texas*, 993 F.Supp. 461, 464 (N.D. Tex. 1998). Charging a lawyer with conspiring with his client to refuse disclosure of harmful documents – and calling that "fraud" – does not defeat the litigation privilege. *Mitchell v. Chapman*, 10 S.W.3d 810, 811–12 (Tex. App.—Dallas 2000, pet. denied). Neither does accusing a law firm of providing false discovery responses about the existence of documents and assisting its client in providing false deposition testimony on that subject. *Lewis v. Am. Exploration Co.*, 4 F.Supp.2d 673, 679–80 (S.D. Tex. 1998). A trial lawyer acting in the course of representing his client simply has no duty to the opposing party. *Mitchell v. Chapman*, 10 S.W.3d at 811-12.

As explained in a recommendation by Magistrate Judge Kaplan, adopted by Judge Buchmeyer, in the *Miller* case: "The court should focus on the type of conduct engaged in by the attorney, 'rather than on whether the conduct was meritorious in the context of the underlying lawsuit.'" *Id.* (citing *Taco Bell*). "An attorney cannot be held liable to a third party for conduct that requires 'the office,

professional training, skill, and authority of an attorney.'" *Id.*[1]  If the privilege only protected "lawful" conduct, it would be unnecessary – and useless.

All of the conduct about which Plaintiffs complain occurred in the underlying civil action and arbitration, *Positive Software Solutions, Inc. v. New Century Mortgage Corp., et al.* The conduct is summarized on page 2 of the Response in six points:

1. Presenting false evidence.

2. Making fraudulent representations to Plaintiffs, the arbitrator, and the Court.

3. Concealing material evidence.

4. Suborning perjury.

5. Concealing documents.

6. Using copies of Plaintiffs' copyrighted material.

Plaintiffs festoon the allegations with words like "illegally" and "intentionally" and "willfully," but those words are of no moment. The question is

---

[1] Even the case relied on most heavily by Plaintiffs recognizes this principle. *Toles v. Toles*, 113 S.W.3d 899, 910-11 (Tex. App.—Dallas 2003, no pet.) (the rule "focuses on the type of conduct the attorneys were engaged in, not on whether the attorneys' conduct was meritorious in the context of the underlying lawsuit"). And, of course, *Toles* involved a claim that attorneys aided and abetted a receiver not through litigation conduct but by helping him improperly sell a home in a receiver's sale. *Id.* at 912 ("Lougay alleged the McShane parties aided and abetted Pape in breaching his fiduciary duties as a receiver."); *see Toles v. Guaranty Federal Bank F.S.B.*, 2002 WL 1372535, at *5 (Tex. App.—Dallas June 26, 2002) (noting, in related lawsuit, that "all of appellant's claims [against a bank] are predicated to some extent on the loss of her home" in receiver's sale and affirming summary judgment for bank).

whether the conduct involved—in this case: marshalling and presenting evidence, determining whether to produce documents in discovery, presenting witnesses in deposition, and making representations on behalf of one's client to the court or arbitrator—requires the "office, professional training, skill, and authority of an attorney." *Miller*, 993 F.Supp. at 464. It plainly does.

Thus, for example, a trial lawyer cannot be liable to an opposing party for misrepresenting facts in a pleading. That, in fact, is the teaching of *Taco Bell*. Nor can a lawyer be liable for allegedly misusing confidential information to file lawsuits, even when characterized as a conspiracy to defraud. *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398 (Tex.App.—Houston [1st Dist.] 2005 pet. denied). An attorney is immune from suit for allegedly misrepresenting facts to obtain an injunction. *Dixon Financial Services v. Greenberg, Peden, Siegmyer & Oshman, P.C.*, 2008 WL 746548 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). In the latest case on this subject, Judge Rosenthal held that a defamation claim does not survive the rule, so long as the defamatory comments were made while the lawyer was acting in his capacity as a trial lawyer. *Dimitric v. Texas Workforce Commission*, 2009 WL 674391 (S.D. Tex., March 13, 2009).

In each of these cases, the plaintiffs made the same arguments advanced by Plaintiffs in their response to avoid the *Taco Bell* rule. They all attempt to distinguish themselves from the cases applying the immunity rule by claiming

fraud or breach of fiduciary duty or other bad conduct. But labeling conduct flagrant or foul does not change its nature; if it was done in the course of representing a client in litigation, the remedy is a sanction, not a suit.

Nor do the copyright allegations remove this case from the *Taco Bell* rule. The Defendants' "use" of the copyrighted material was solely for purposes of defending their clients against allegations of copyright infringement. Indeed, Judge Godbey explicitly recognized that his preliminary injunction against "use" of the copyrighted software did not include litigation use in defense of the claims. *Positive Software*, 337 F.Supp.2d 862, 877, n.16.

3.  Mandel Has No Standing.

Finally, Plaintiffs missed the point about Mandel. The issue is not whether Plaintiffs alleged that Mandel had claims against Defendants. The issue is standing. What gives Mandel—who was not party to the underlying case, does not own the copyrights, and is merely the shareholder of Positive—the right to sue Defendants? Plaintiffs offer no explanation. There is none.

The motion to dismiss should be granted.

          Respectfully submitted,

          /s/ Murray Fogler

          David J. Beck
          State Bar No. 02006000
**BECK, REDDEN & SECREST, LLP**
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)
**ATTORNEY-IN-CHARGE FOR DEFENDANTS SUSMAN GODFREY L.L.P., OPHELIA F. CAMIÑA, AND BARRY C. BARNETT**

**OF COUNSEL:**

Murray Fogler
State Bar No. 07207300
Alex Roberts
State Bar No. 24056216
**BECK, REDDEN & SECREST, LLP**
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)

          Rod Phelan
          State Bar No. 15899800
**BAKER BOTTS LLP**
2001 Ross Avenue
Dallas, Texas 75201-2980
214.953.6500
214.953.6503 (Fax)
**ATTORNEY FOR DEFENDANTS SUSMAN GODFREY L.L.P., OPHELIA F. CAMIÑA, AND BARRY C. BARNETT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Reply in Support of Second Motion to Dismiss was served in compliance with the Federal Rules of Civil Procedure on May 12, 2009, on the following counsel of record:

Michael W. Shore
Shore Chan Bragalone LLP
901 Main Street
Suite 3300
Dallas, Texas 75202
*Email, Fax 214.593.9111*
*and/or Regular Mail*


                                  /s/ Murray Fogler
                              **MURRAY FOGLER**